UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEFFERY BUCKLEY,

    Petitioner,

        v.        CAUSE NO.: 3:24-CV-97-TLS-JEM

WARDEN,

    Respondent.

**OPINION AND ORDER**

Jeffery Buckley, a prisoner without a lawyer, filed a habeas petition to challenge his conviction for murder under Case No. 49D30-1710-MR-404142. On March 31, 2022, following a trial, the Marion Superior Court sentenced him to sixty years of incarceration. Pursuant to Section 2254 Habeas Corpus Rule 4, the Court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In various formulations, Buckley asserts that he is entitled to habeas relief pursuant to Indiana Criminal Rule 4, which, subject to certain exceptions, requires criminal defendants to be released if they do not receive a trial within six months. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*. Because Buckley asserts a claim under State law, the Court cannot grant him habeas relief.

Given Buckley's concern regarding the timing of his trial, the Court has also considered whether he could proceed on the grounds that his right to a speedy trial under the Sixth

Amendment. However, as detailed below, it appears that such a claim would suffer procedural deficiencies.

Before considering the merits of a habeas petition, the Court must ensure that the petitioner has exhausted all available remedies in state court. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts. *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). Fair presentment "does not require a hypertechnical congruence between the claims made in the federal and state courts; it merely requires that the factual and legal substance remain the same." *Anderson v. Brevik*, 471 F.3d 811, 814–15 (7th Cir. 2006) (citing *Boyko*, 259 F.3d at 788). It does, however, require "the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis*, 390 F.3d at 1025 (cleaned up). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025–26. "A habeas petitioner who has exhausted his state court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026.

When determining whether a claim has been fairly presented to the State courts as a federal claim, courts consider:

> 1) whether the petitioner relied on federal cases that engage in a constitutional analysis; 2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; 3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and 4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation.

*Anderson*, 471 F.3d at 815 (cleaned up).

In the appellate brief to the Indiana Court of Appeals, Buckley squarely raised a Sixth Amendment speedy trial argument in addition to his argument under Indiana Criminal Rule 4, challenging a 49-day delay and citing the factors for assessing a violation set forth by the United States Supreme Court in *Barker v. Wingo* 407 U.S. 514, (1972).[1] By contrast, in the petition to transfer, Buckley framed his argument as "Buckley is Entitled to Discharge Under Criminal Rule 4(B) Because He Properly Objected to the Trial Date Set Outside the 70-Day Deadline and the Delay was Not Caused By His Acts." The petition to transfer contains passing references to the Sixth Amendment and Supreme Court precedent, but the argument and sub-arguments are made in the context of State court precedent on the application of Indiana Criminal Rule 4. It did not mention the 49-day delay that was the focus of the Sixth Amendment argument before the Indiana Court of Appeals, suggesting that Buckley had abandoned the argument before the Indiana Supreme Court. In sum, Buckley did not alert the Indiana Supreme Court "to the federal underpinnings of his claim." *Perruquet v. Briley*, 390 F.3d 505, 519 (7th Cir. 2004). Therefore, a Sixth Amendment speedy trial claim would be procedurally defaulted, and Buckley offers no valid basis to excuse procedural default.

Pursuant to Section 2254 Habeas Corpus Rule 11, the Court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

3

correctness of this procedural ruling or for encouraging Buckley to continue pursuing his claims in federal court.

For these reasons, the Court hereby:

(1) DISMISSES the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases;

(2) DENIES Jeffery Buckley a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the Clerk of Court to close this case.

So ORDERED on March 6, 2024.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT